E-FILED
Monday, 28 January, 2019 01:02:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CORDELL L. GINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-3013 |
| | ) | |
| RYAN R. WILSON, LAWRENCE BAPST, and MARTIN J. RYAN, | ) ) ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff Cordell L. Gines filed this case pro se from the Big Muddy River Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

In his Complaint, Plaintiff alleges that Ryan R. Wilson, Lawrence Bapst, and Martin J. Ryan, three Illinois appellate defenders appointed to represent Plaintiff on the appeal of Plaintiff's Illinois state criminal conviction, breached their fiduciary duty. Plaintiff also alleges legal malpractice.[1] Plaintiff seeks damages of $5,000,000.

This Court has jurisdiction over the state law claims if the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332. Diversity must be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006).

Plaintiff fails to allege facts from which the Court can conclude that complete diversity exists between Plaintiff and Defendants. For

---

[1] These claims appear identical to those raised in a state court proceeding. See Gines v. Wilson, 2018 IL App (4th) 170811-U, ¶ 18 (affirming the dismissal of plaintiff's pro se complaint against Wilson, Ryan, and Bapst).

purposes of diversity jurisdiction, a prisoner's domicile, and, therefore, his citizenship, is presumed to be the state in which he was domiciled prior to his incarceration unless he expresses a desire to live elsewhere after he is released. See Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002). Plaintiff does not specifically allege his citizenship, although he is serving time in prison for an offense committed in Illinois. See Gines v. Wilson, 2018 IL App (4th) 170811-U, ¶ 5 (noting plaintiff was convicted by a Jackson County, Illinois jury of aggravated battery and aggravated criminal sexual assault); see also https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited January 28, 2019) (showing Jackson County, Illinois as the county of conviction).

Plaintiff alleges that all three Defendants are Illinois appellate defenders in Springfield, Illinois. A search of the Illinois Attorney Registration and Disciplinary Commission website reveals that Defendants Wilson and Ryan are still Illinois appellate defenders while Defendant Bapst has retired. See https://www.iardc.org (last visited January 28, 2019); see also Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 693 (7th Cir. 2003)

(noting that the judge should have checked diversity jurisdiction independently). At most, the Complaint alleges that all of the parties are citizens of Illinois. Therefore, diversity jurisdiction is lacking.

For the sake of completeness, the Court notes that Plaintiff cannot bring a 42 U.S.C. § 1983 claim because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Cornes v. Munoz</u>, 724 F.2d 61, 63 (7th Cir. 1983) (holding that "an Illinois appellate defender does not act under color of state law when representing a client"). Therefore, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is dismissed without prejudice for lack of jurisdiction.

2) If Plaintiff believes he can establish jurisdiction, he may file an amended complaint on or before February 11, 2019. Plaintiff is advised, however, that if this Court deems his amended

complaint frivolous or malicious, or finds that it fails to state a claim, Plaintiff may be assessed a strike under 28 U.S.C. § 1915(g).

**ENTERED: January 28, 2019**

**FOR THE COURT:**

                        **s/*Sue E. Myerscough*** 
                        **SUE E. MYERSCOUGH**
                        **UNITED STATES DISTRICT JUDGE**